Howard L. Jacobs, State Bar No. 149709
howard.jacobs@athleteslawyer.com
Lindsay S. Brandon, State Bar No. 320965
lindsay.brandon@athleteslawyer.com
Law Offices of Howard L. Jacobs
31111 Agoura Road, Suite 225
Westlake Village, California 91361
Telephone:  (805) 418-9892
Facsimile:  (805) 418-9899

*Attorneys for the Defendant John Rembao*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIN ALDRICH, LONDA BEVINS, AND JESSICA JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONALCOLLEGIATE ATHLETIC ASSOCIATION, THE BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and JOHN REMBAO,<br><br>Defendants. | Case No.  5:20-CV-01733-NC<br><br>**DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [FED. R. CIV. P. 12(b)(6)] AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  September 3, 2020<br>Time:  9:00 a.m.<br>Dept.:  4<br>Judge:  The Hon. Edward J. Davila<br>Action Filed:  03/11/2020 |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AUTHORITIES………………………………....………….…1

I.      INTRODUCTION…………………………………………………………….………1

II.     SUMMARY OF RELVANT ALLEGATIONS…………………………………….…1

III.    LEGAL STANDARD FOR MOTION TO DISMISS…………………………………3

IV.     ARGUMENT…………………………………………………....……….………5

    A.  Plaintiffs' Claims Against John Rembao Are Time-Barred By California Code Of Civil
        Procedure §361……………………………………………………………….……………5

        i.   Application Of California C.C.P. §361 To Claims of Plaintiff Erin Aldrich……...….....5

        ii.  Application Of California C.C.P. §361 To Claims of Plaintiffs Jessica Johnson and
              Londa Bevins……………………………………………………………………………6

        iii. The Importance of Statutes of Limitations…………………………………………....6

        iv.  The Discovery Rule Does Not Justify Tolling Of The Statute of Limitations For
              Plaintiff Aldrich's Claims Against John Rembao…………………………………6

        v.   Equitable Tolling is Narrowly Applied And Is Inapplicable To Plaintiffs' Claims……..8

        vi.  John Rembao Has Not Engaged In Conduct Whereby He Would Be Equitably Estopped
              From Asserting The Statute Of Limitations As A Defenses…………………………...10

        vii. The Court Should Reject Plaintiffs' Invitation To Create A Judicial Exception To The
              Statute Of Limitations……………………………………………….……………11

    B.  Plaintiffs' Claims Are Similarly Time-Barred Under Arizona And Texas
        Law……………………………………………………………………………………....11

        i.   The Arizona Tolling Statute Ariz. Rev. Stat. Ann. § 12-502 Is Inapplicable to Plaintiff
              Aldrich's
              Claims………………………………………………………………………....11

        ii.  Plaintiffs Bevins' And Johnson's Claims Fail As A Matter Of Texas Law……………13

        iii. Regardless Of Which State Law Is Applied, Plaintiffs' Claims Are Barred Under The
              Statute Of Limitations………………………………………………………...…13

    C.  Plaintiffs Have Failed To Sufficiently Plead Certain Claims As To John Rembao………..14

        i.   Plaintiffs' Claim For False Imprisonment (Count X) Must Be Dismissed As To John
              Rembao…………………………………………………………………………………14

ii.   Plaintiffs' Claim For Ratification (Count XIII) Must Be Dismissed As To John Rembao…………………………………………………………………………15

V.      CONCLUSION…………………………………………………………………...……16

DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

# TABLE OF AUTHORTIES

2

Page(s)

3  **FEDERAL CASES**

4  Ashcroft v. Iqbal,
        556 U.S. 662 (2009) ..................................................................................3, 14
5

6  Avco Corp. v. Precision Air Parts, Inc.,
        676 F.2d 494 (11th Cir. 1982)…………………………………………..…4

7
   Bell Atlantic Corp v. Twombly,
8        550 U.S. 544 (2007)……………………………………………………....3, 11

9  Cholla Ready Mix, Inc. v. Civish,
        382 F.3d 969 (9th Cir. 2004) ......................................................................14
10

11 Conservation Force v. Salazar,
        646 F.3d 1240 (9tth Cir. 2011)……………………………………….…3
12

13 Fanucci v. Allstate Ins. Co.,
        638 F. Supp. 2d 1125 (N.D. Cal. 2009) …………………………….……4

14
   Jablon v. Dean Witter & Co.,
15       614 F.2d 677 (9th Cir. 1980)……………………………………….......…4

16 Knievel v. ESPN,
        223 F. Supp. 2d 1173 (D. Mont. 2002) …………….………………...……14
17

18 Luna v. Kernan
        784 F.3d 640 (9th Cir. 2015)…………...……………………………..…….8
19

20 Pareto v. F.D.I.C.,
        139 F.3d 696 (9th Cir. 1998)……………………………………….……..…3

21
   Peterson v. Kennedy,
22       771 F.2d 1244 (9th Cir. 1985) …………………………………………..…4

23 Robles v. Agreserves, Inc.,
        158 F. Supp. 3d 952 E.D. Cal (2016) …………………………..…….…..14
24

25 Spreewell v. Golden State Warriors,
        266 F.3d 979 (9th Cir. 2001)……………………………………….……...…4

26
   United States v. Ibarra,
27       502 U.S. 1 (1991) ………………………………………….……......…….8

28
-iv-

1
2

**STATE CASES**

3

Adams v. Paul,
    11 Cal. 4th 583 (1995………………………………………………...………6

4

Anderson v. Fay Improv. Co.,
    134 Cal. App. 2d 738 (1955) …………………………………..…………...……15

5

6

Atwater Elementary School Dist. v. California Dept. of Gen. Services
    41 Cal. 4th 227 (2007) …………………………………………………...………10

7

Beech Aircraft Corp. v. Superior Court,
    61 Cal. App. 3d 501 (1976)………………………………………..……………...11

8

9

Bertrand v. Bertrand,
    449 S.W.3d 856 (2014)……………………………………………………....…..13

10

Cossman v. DaimlerChrysler Corp.,
    108 Cal. App. 4th 370 (2003) ……………………………………………....……4

11

12

Doe v. Roe,
    955 P.2d 951 (Ariz. 1998) ………………………………………………7, 12

13

14

Douglas v. Douglas,
    103 Cal. App. 2d 29 (1951) …………………………………………………...……6

15

16

Florez v. Sargeant,
    917 P.2d 250 (1996) ……………………………………………………....……12

17

Fox v. Ethicon Endo-Surgery, Inc.,
    35 Cal. 4th 797 (2005) …………………………………………………....4, 7

18

19

Hopkins v. Hopkins,
    116 Cal. App. 2d 179 (1953) …………………………………...……………....……6

20

21

John R. v. Oakland Unified School Dist.,
    48 Cal. 3d 438 (1989) ………………………………………....………....……10

22

Jolly v. Eli Lilly & Co.,
    44 Cal. 3d 1103 (1998)……………………………………………………..7

23

24

Krusesky v. Baugh,
    38 Cal. App. 3d 562 (1982) )………………………………………...…………………6

25

26

Lantzy v. Centex Homes,
    31 Cal. 4th 363 (2003)……………………………………… ………………………....……8, 10

27

28

-v-

Rakestraw v. Rodrigues,
    8 Cal.3d 67 (1972) …………………… ……………………………………………15

Romano v. Rockwell Int'l, Inc.,
    14 Cal. 4th 479 (1996)……………………………………………………………...6

Scarborough v. Altstatt,
    228 Md. App. 560 (2016)……….. ……………..………………………………...…..11, 12

Superior Dispatch, Inc. v. Insurance Corp. of New York,
    81 Cal.4th 175 (2010) ……………………………………………………..………...…10

Ventura v. ABM Industries Inc.,
    212 Cal. App. 4th 258 (2012) …………..…………………………………….……15

Zastrow v. Zastrow,
    61 Cal. App. 3d 710 (1976). ……………………………………..……………....6, 11

**STATE STATUTES**

Ariz. Rev. Stat. Ann. § 12-502…………………………………………..………11, 12

Ariz. Rev. Stat. Ann. § 12-541 ………………………………………………………..5

Ariz. Rev. Stat. Ann. §12-542 ………………………………………………………..5

California Code of Civil Procedure § 361 ..…………………………………………….. 4-6

Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) ……………………………………….5, 13

Tex. Civ. Prac. & Rem. Code Ann. § 16.0045(b) ……………………………..…….5, 6

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ..…………………………………………….3, 4

**OTHER AUTHORITIES**

Federal Appendix
    687 Fed.Appx. 640 (9th Cir. 2017)……………………………………...…………..15

DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Thursday, September 3, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Edward J. Davila, in the United States District Court for the Northern District of California, Courtroom Four, located at the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, California, Defendant John Rembao will and hereby does move the Court to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that the complaint fails to state a cause of action upon which relief may be granted because (1) Plaintiffs' claims are time-barred by the applicable statutes of limitations; and (2) Plaintiffs have failed to state a claim upon which relief may be granted. The motion will be and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed herein, and the argument of counsel at the time of the hearing.

DATED: July 27, 2020                Respectfully Submitted,

LAW OFFICES OF HOWARD L. JACOBS


 /s Howard L. Jacobs              _
Howard L. Jacobs
Lindsay S. Brandon
*Attorneys for Defendant John Rembao*


## STATEMENT OF THE ISSUES TO BE DECIDED

1.  Whether the applicable Statute of Limitations bars Plaintiffs from pursuit of their claims against Defendant John Rembao.

2.  Whether Plaintiffs have failed to state a claim as to John Rembao.

-vii-

1

2 **MEMORANDUM OF POINTS AND AUTHORITIES**

3 **I.      INTRODUCTION**

4          John Rembao is an accomplished athletics coach with over 30 years of experience, most of

5 which have been spent coaching elite athletes at Division-I NCAA schools.  Many of Mr. Rembao's

6 athletes that he has coached over the years have been national champions, and some have even reached

7 the Olympics.   Plaintiffs are three individuals who allege that they were harmed over 20 years ago

8 when they were coached by John Rembao at the University of Arizona, the University of Texas, or

9 both.  The Plaintiffs allege that John Rembao sexually abused and/or them while they competed as

10 collegiate track and field athletes.

11          Plaintiffs' claims against Defendant John Rembao are clearly barred by the applicable statute of

12 limitations, and there is no basis to toll the statute of limitations as against John Rembao under

13 California law (or Arizona or Texas law, for that matter).  Therefore, unless this Court accepts the

14 Plaintiffs' explicit invitation to ignore the statutes of limitations and the law regarding tolling, the

15 claims against John Rembao must be dismissed.  Furthermore, because no possible amendment will

16 cure the clear time bar, these claims should be dismissed with prejudice.

17          Additionally, and alternatively, Plaintiffs have failed to adequately plead certain claims against

18 John Rembao particularly for false imprisonment and ratification.  Finally, as Plaintiffs' First

19 Amended Complaint differs only with respect to deficiencies as to the NCAA, it is submitted that Mr.

20 Rembao's below arguments largely remain intact.

21 **II.      SUMMARY OF RELEVANT ALLEGATIONS**

22          John Rembao was the Women's and Men's Assistant Track and Field Coach at the University

23 of Arizona from 1994 to 1997; and from 1997 to 2001, he was the head Women's Cross-Country

24 Coach and a women's track & field coach at the University of Texas.[1]

25          Plaintiff Erin Aldrich was recruited by John Rembao to attend the University of Arizona, where

26 she ultimately enrolled in 1996.  Ms. Aldrich makes the following allegations against John Rembao:

27 _____

28 [1] See First Amended Complaint, par. 28.

-1-

1      1.      That on a plane to Australia in August 1996, John Rembao fondled her under a blanket and penetrated her with his fingers.[2]

2.      That John Rembao engaged in inappropriate sexual contact with Erin Aldrich between 1996 and 1997 when she was at the University of Arizona.[3]

3.      That after Ms. Aldrich transferred to the University of Texas in January 1998, and until 2000, John Rembao continued to engage in inappropriate conduct toward her.[4]

Plaintiff Aldrich was a legal adult at the time of all of her allegations against Defendant John Rembao.  Despite the fact that she was a legal adult at all material times, and despite the fact that the conduct that she alleges against Defendant John Rembao ended in 2000, she claims that she did not realize that she had been sexually abused by John Rembao until the end of March or early April 2019.[5]

Plaintiff Jessica Johnson was recruited by John Rembao to attend the University of Texas, where she ultimately enrolled in 1999.  Ms. Johnson alleges various improper conduct by John Rembao between 1999 and 2003, but the only allegations that could possibly (if true) constitute sexual misconduct are the following:

1.      A sport massage in the fall of 1999;[6]

2.      That he licked Ms. Johnson's neck in January 2000;[7]

3.      That in February 2000, he reached under Ms. Johnson's shirt, and she felt his hand slipping underneath the waistband of her shorts;[8] and

4.      That in March 2000, he kissed her ankle.[9]

Ms. Johnson left the University of Texas in June 2000.[10]  She submitted a formal complaint against John Rembao to the University of Texas that involved the same allegations that she makes in this lawsuit; and the University of Texas investigated her complaint.[11]

---

[2] See First Amended Complaint, par. 160, 162.
[3] See First Amended Complaint, par. 164-165, 174-177.  No sexual intercourse between Ms. Aldrich and Mr. Rembao is alleged.
[4] See First Amended Complaint, par.179-185.
[5] See First Amended Complaint, par. 188-187.
[6] See First Amended Complaint, par. 209.
[7] See First Amended Complaint, par. 218.
[8] See First Amended Complaint, par. 220.
[9] See First Amended Complaint, par. 229.

DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiff Johnson was a legal adult at the time of all of her allegations against Defendant John Rembao. Because she has already filed a complaint against John Rembao related to the same allegations, she cannot and does not allege that she that she did not realize that she had been sexually abused.

Plaintiff Londa Bevins was recruited by John Rembao to attend the University of Texas, where she ultimately enrolled in 1999. Ms. Bevins alleges various improper conduct by John Rembao between 1999 and 2004, but the only allegations that could possibly (if true) constitute sexual misconduct are the following:

1. "Chair hugs" between 1999 and 2000;[12] and

2. Touching her thigh in 2000.[13]

Plaintiff Bevins and Plaintiff Johnson allege that "in or around March 2000, [they] admitted to each other that they were both victims of Rembao's sexual and mental abuse."[14]

## III.   LEGAL STANDARD FOR MOTION TO DISMISS

Under F.R.C.P. 12(b)(6), a district court properly dismisses a complaint for failure to state a claim upon which relief may be granted if "there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the defendant may be liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 556.

In considering a motion pursuant to F.R.C.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v.

---

[10] See First Amended Complaint, par. 226, 229.
[11] See First Amended Complaint, par. 235-236.
[12] See First Amended Complaint, par. 267-271, 273.
[13] See First Amended Complaint, par. 278.
[14] See First Amended Complaint, par. 287.

-3-

1   F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to

2   the nonmoving party.  Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); however,

3   courts are not "required to accept as true allegations that are merely conclusory, unwarranted

4   deductions of fact, or unreasonable inferences."  Id.  The ultimate determination of "whether a

5   complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing

6   court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

7        [A] limitations defense may be raised by a F.R.C.P. 12(b)(6) motion to dismiss.  Jablon v. Dean

8   Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980); Avco Corp. v. Precision Air Parts, Inc., 676 F.2d 494,

9   495 (11th Cir. 1982), cert. denied, 459 U.S. 1037 (1982).  Where a plaintiff claims that a statute of

10  limitations should be delayed based on delayed discovery, equitable tolling, or for any other reason, it

11  is the plaintiff's burden to plead sufficient facts to justify applying those doctrines to extend the statute

12  of limitations.  See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) ["In assessing the

13  sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show

14  diligence; conclusory allegations will not withstand demurrer."] (internal citations and quotations

15  omitted);  Fanucci v. Allstate Ins. Co., 638 F. Supp. 2d 1125, 1136-37 (N.D. Cal. 2009) [under

16  California law, where "a plaintiff contends that the statute of limitations is not a bar based on equitable

17  tolling, the plaintiff bears the burden of proving the applicability of such"].

18  **IV.    ARGUMENT**

19      **A. Plaintiffs' Claims Against John Rembao Are Time-Barred By California Code Of**

20         **Civil Procedure §361**

21      In general, California applies its own limitations law, rather than the law of the forum in which

22  the cause of action arose.  Peterson v. Kennedy, 771 F.2d 1244, 1252 n. 4 (9th Cir. 1985); see also,

23  Cossman v. DaimlerChrysler Corp., 108 Cal. App. 4th 370, 376 (2003) ["In general, whether a claim is

24  barred by a statute of limitations 'is a procedural matter governed by the law of the forum, regardless

25  of where the cause of action arose.' "] (citation omitted). However, to discourage forum shopping,

26  California adopted a "borrowing statute." Giest v. Sequoia Ventures, Inc., 83 Cal. App. 4th 300, 303

27  (2000); see also Cossman v. DaimlerChrysler Corp., 108 Cal. App. 4th 370, 376 (2003) [the borrowing

28

-4-

statute "prevents residents of other states with claims that are barred in the jurisdiction in which they arose from using the California courts to prosecute an action"). The "borrowing statute" is found at CCP Section 361, which provides:

> "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."

California C.C.P. §361 bars the action in California "except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued." See also Giest supra, 83 Cal.App.4th at 303 (stating that, once applied, the only exception to Section 361 is when the "holder of the cause of action is a California citizen who has held the cause from the time of accrual.").

### i.      Application Of California C.C.P. §361 To Claims Of Plaintiff Erin Aldrich

Plaintiff Erin Aldrich alleges that her claims arose (i) in Arizona in 1996 and 1997; and (ii) in Texas in 1998 and 1999.  The Arizona claims would have expired no later than 1999,[15] and the Texas claims would have expired no later than 2004.[16]

Plaintiff Aldrich may argue that C.C.P. §361 is inapplicable to her claims, as she is currently a California resident.  However, the applicable California statute of limitations is also 2 years, which means that all of Plaintiff Aldrich's claims expired no later than 2001.

Therefore, and subject to the arguments regarding the possible delaying of the commencement of the statute of limitations which is discussed below, all of Plaintiff Aldrich's are time-barred on their face.

---

[15] See Ariz. Rev. Stat. Ann. §§ 12-541 [1-year statute of limitations for false imprisonment] and 12-542(1) [2-year statute of limitations for assault and 2-year statute of limitations for battery].

[16] See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003(a) [1-year statute of limitations for false imprisonment]; 16.003(a) [2-year statute of limitations for assault and battery]; and 16.0045(b) [5-year statute of limitations for sexual assault].

ii.     **Application Of California C.C.P. §361 To Claims Of Plaintiffs Jessica Johnson and Londa Bevins**

Plaintiff Jessica Johnson alleges that her claims arose in Texas between 1999 and 2003; and would have expired no later than 2005.[17]   Plaintiff Londa Bevins alleges that her claims arose in Texas between 1999 and 2004; and would have expired no later than 2006.  Therefore, and subject to the arguments regarding the possible delaying of the commencement of the statute of limitations which is discussed below, all of Plaintiffs Johnson's and Bevins' claims are time-barred on their face.

iii.    **The Importance Of Statutes of Limitations**

The purpose of a statute of limitations is to require diligent prosecution of known claims; to provide finality and predictability in legal affairs; and to ensure that claims will be resolved while evidence is reasonably available and fresh.  See Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 487–88 (1996).  Statutes of limitation justifiably presume that a person with a legitimate claim will not delay excessively in enforcing it.  Douglas v. Douglas, 103 Cal.App.2d 29, 34–35 (1951).  Unlike some defenses that are disfavored, statutes of limitation serve public policy and are equally as favored as the policy of deciding cases on their merits.  See Adams v. Paul, 11 Cal.4th 583, 592 (1995) ["statutes of repose are in fact favored in the law"]; Krusesky v. Baugh, 138 Cal.App.3d 562, 566 (1982) ["The policy behind statutes of limitations is as meritorious as the policy of trying cases on their merits"]; Hopkins v. Hopkins, 116 Cal.App.2d 174, 179 (1953), further decision on other grounds, 46 Cal.2d 313 (1956) [" 'statutes of limitation are vital to the welfare of society and are favored in the law' "].

Unlike laches, which is an equitable defense governed by the judiciary, statutes of limitation are legislatively controlled.  Zastrow v. Zastrow, 61 Cal.App.3d 710, 715 (1976).

iv.     **The Discovery Rule Does Not Justify Tolling Of The Statute Of Limitations For Plaintiff Aldrich's Claims Against John Rembao**

Despite the fact that the conduct that she alleges against Defendant John Rembao ended in 2000, Plaintiff Aldrich claims that she did not realize that she had been sexually abused by John

---

[17] See Tex. Civ. Prac. & Rem. Code Ann. § 16.0045(b) [5-year statute of limitations for sexual assault].

Rembao until the end of March or early April 2019, when she watched a documentary-style television show about Michael Jackson.[18]  This allegation is insufficient to meet the strict requirements of the "delayed discovery rule."

Generally, a statute of limitations does not begin to run until a cause of action accrues, which occurs at "the time when the cause of action is complete with all of its elements." Fox, *supra*., 35 Cal. 4th at 806.  The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 807. To benefit from the discovery rule, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) an inability to have made earlier discovery despite reasonable diligence." Id. at 808. To determine when the limitations period begins to run under the discovery rule, courts "look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Id. at 807. Accordingly, "[a] plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for'" its "'generic' elements of wrongdoing, causation, and harm." Id.

It is important to remember that plaintiff does not allege that she repressed childhood memories, but rather, that she claims to have expressed adult memories.  In Doe v. Roe, 955 P.2d 951, 954 (Ariz. 1998),[19] the plaintiff alleged severe sexual abuse by her father when she was between the ages of eight and fifteen; and the Court's application of the delayed discovery rule was specific to repressed *childhood memories* of sexual abuse.  Id. at p. 960.  It is difficult to identify any California cases that have applied the delayed discovery rule to the repression of *adulthood memories*, as is the alleged case here.

Here, Plaintiff Aldrich does not allege that she was unaware of the conduct that she alleges John Rembao engaged in, only that she did not realize it was actionable until she watched a television show about Michael Jackson in 2019.  Plaintiffs' argument that she could not have discovered until 2019 that John Rembao's conduct was actionable is implausible, but it also misses the point of the

---

[18] See First Amended Complaint, par. 186.

[19] In any event, the law applicable to the "delayed discovery" rule is California law, not Arizona law.  See Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1998) (under California law, the "statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.").

-7-

delayed discovery rule. The delayed discovery rule applies only when a plaintiff has not discovered all of the *facts* essential to the cause of action; where – as here - the plaintiff has discovered all of the essential facts; the doctrine does not apply.

In this case, the allegations of the complaint leave no doubt that Plaintiff Aldrich was actually aware long ago of the facts necessary to state a cause of action against Defendant Rembao. Plaintiff Aldrich does not allege that she repressed all of the memories of what happened, but only that she repressed some of them.[20]  Specifically, she alleges that she repressed the majority of her memories when she left the University of Arizona, but then she alleges further misconduct on the part of John Rembao while she was at the University of Texas.  In other words, she alleges repression of some of John Rembao's sexual conduct with her at the University of Arizona, but *none* of John Rembao's sexual conduct with her at the University of Texas.  She then alleges that although she was aware of the conduct, she did not realize that she had been sexually abused until 2019;[21] in other words, she alleges that she was aware of the conduct but not that it was actionable.  For these reasons, the discovery rule and her alleged "partial repressed memory" cannot toll her claims against Defendant Rembao.

       **v.**      **Equitable Tolling Is Narrowly Applied And Is Inapplicable To Plaintiffs' Claims**

The effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded.  The tolled interval is "tacked onto" the end of the limitations period, therefore extending the deadline for suit by the length of time during which the tolling even occurred.  <u>Lantzy v. Centex Homes,</u> 31 Cal. 4th 363 (2003); see also <u>United States v. Ibarra,</u> 502 U.S. 1, 4 (1991).  Under federal law, whether equitable tolling gives the plaintiff only a reasonable extension of the limitations period or stops the clock for the duration of the tolling event is unsettled.  See <u>Luna v. Kernan,</u> 784 F.3d 640, 651-652 (9th Cir. 2015) (comparing

---

[20] See First Amended Complaint, par. 315.
[21] See First Amended Complaint, par. 318.

DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  "pure stop-clock" approach used by the Second Circuit with the Ninth Circuit's additional diligence
2  through time of filing requirement).

3     Equitable tolling of the statute of limitations has been recognized in California only in the
4  following situations: (i) while plaintiff is pursuing an alternative remedy in another forum; (ii) under
5  *narrow* circumstances while plaintiff is pursuing the same remedy in the *same forum*; (iii) where
6  defendant *fraudulently conceals* the cause of action; and (iv) in *certain actions* against an insurer.

7     Here, it is clear that Plaintiffs' claims do not meet any of the exceptions to the rule for the
8  common law civil claims alleged against Defendant Rembao.  Under the circumstances, in California,
9  Plaintiffs would have had to file their claims against Mr. Rembao within two years from the date that
10 the injury was discovered.

11    With respect to Plaintiff Johnson, the sole "equitable tolling" argument relates to the manner in
12 which the University of Texas conducted its investigation of her claims against John Rembao.  The
13 Complaint goes to great lengths to allege that *the University of Texas* engaged in fraudulent conduct in
14 the manner in which it investigated John Rembao, but fails to make any allegations against *John
15 Rembao* with respect to the University of Texas's investigation.  Furthermore, it would be impossible
16 for Plaintiffs to make such allegations against John Rembao, because John Rembao was the *subject* of
17 the University of Texas' investigation.  In other words, John Rembao did not conduct the 23 interviews
18 or review the 200-plus documents that Plaintiffs reference at par. 330 of the First Amended Complaint.
19 John Rembao is not the one who issued the "Final Report on Complaint of Sexual Harassment" that
20 Plaintiffs reference at par. 330 of the Complaint.  The "unmitigated whitewash" alleged at par. 332 of
21 the Complaint would necessarily have been by the University of Texas, not by John Rembao.  The
22 analysis of John Rembao's conduct in reference to the Sexual Harassment and Sexual Misconduct
23 Policy (see par. 334 of the First Amended Complaint) was done by the University of Texas, not by
24 John Rembao.  The exoneration of John Rembao and the characterizations of Plaintiffs Johnson and
25 Bevins in the report were both by the University of Texas, not by John Rembao.  The fraudulent
26 conduct alleged at par. 338 of the Complaint, which is the linchpin of Plaintiff's equitable tolling
27 argument, was by the University of Texas, not by John Rembao.

28
DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

With respect to Plaintiff Bevins' equitable tolling claim, par. 341 of the Complaint makes it clear that the basis of the equitable tolling argument is not any conduct *by Defendant Rembao*: "Because of University of Texas at Austin's acts and omissions, Ms. Bevins's statute of limitations was also tolled from November 21, 2000 until October 2019."

For all of these reasons, Plaintiffs have failed to adequately plead conduct *by Defendant Rembao* which would justify equitable tolling of the clearly expired statute of limitations.

> **vi.    John Rembao Has Not Engaged In Conduct Whereby He Would Be Equitably Estopped From Asserting The Statute Of Limitations As A Defense**

In appropriate cases, a defendant may be equitably estopped to assert the statute of limitations as a defense.  See <u>Lantzy v. Centex Homes</u>, *supra*, 31 Cal. 4th at 383 ("[O]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to bar the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct, as a defense to the action when brought.").  "To create an equitable estoppel, it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss."  <u>Atwater Elementary School Dist. v. California Dept. of Gen. Services</u>, Cal. 4th 227, 232 (2007), (internal quotes omitted); <u>Superior Dispatch, Inc. v. Insurance Corp. of New York</u>, 81 Cal.4th 175, 187 (2010). Where accrual of the cause of action is delayed until discovery, the result is that plaintiff's claims may be timely; equitable estoppel is invoked where plaintiff's claims were not timely made. In addition, equitable estoppel imposes requirements on a claimant that a delayed-discovery theory of accrual would not: "That the two doctrines may produce similar results in some circumstances does not make them equivalents." <u>John R. v. Oakland Unified School Dist.</u>, 48 Cal. 3d 438, 444 (1998).

Equitable tolling and equitable estoppel are distinct doctrines. Equitable tolling has the effect of suspending a limitations period that has started to run, while equitable estoppel comes into play only after the limitations period has expired; its effect is to preserve an otherwise untimely action where defendant's conduct has induced plaintiff not to sue.  <u>Lantzy v. Centex Homes</u>, *supra*, 21 Cal.4th at

-10-

383. Because Plaintiffs have failed to allege that *Defendant Rembao* has engaged in any conduct whereby the application of equitable tolling would be justified,[22] it is submitted that he is entitled to avail himself of the statute of limitations defense.  This extends to any allegation of fraudulent concealment, as Defendant Rembao had no control over UT's investigation.

### vii.    The Court Should Reject Plaintiffs' Invitation To Create A Judicial Exception to the Statute Of Limitations

At paragraphs 343-348, and likely recognizing that their claims are time barred, the Plaintiffs ask this Court to create a new rule to toll the statute of limitations.  There is absolutely no basis for this request, and this Court should reject the invitation to engage in judicial activism.  It is for the legislature, not the Courts, to modify statutes of limitation.  Zastrow, supra, 61 Cal. App. 3d at 715.

### B.   Plaintiffs' Claims Are Similarly Time-Barred Under Arizona And Texas Law[23]

### i.    The Arizona Tolling Statute Ariz. Rev. Stat. Ann. § 12-502 Is Inapplicable to Plaintiff Aldrich's Claims

Plaintiff Aldrich argues for the applicability of Arizona law; and claims that Ariz. Rev. Stat. Ann. § 12-502 tolls the statute of limitations because she was of "unsound mind" as defined by Arizona law because she was unable to understand her legal rights until 2019.  Even if Arizona law did apply (which is disputed), Ariz. Rev. Stat. Ann § 12-502 states:

> "If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.  Such person shall have the same time after removal of the disability which is allowed to others."

The intent of Ariz. Rev. Stat. Ann § 12-502 is that it be applied to minor victims of abuse.  See, e.g., Scarborough v. Altstatt, 228 Md. App. 560, 574-575 (2016):

---

[22] See Section E above, which is incorporated herein by reference.

[23] Defendant Rembao joins Defendant NCAA in the argument that Plaintiffs have not made it clear under which state's law they seek relief.  Beech Aircraft Corp. v. Superior Court, 61 Cal. App. 3d 501 (1976) ("Each choice of law issue requires separate consideration").  ECF 33 at p. 9.

-11-

1

2

3

4

5

> "The Appellants also direct this Court's attention to various rulings addressing related issues from courts of other jurisdictions.  The Appellants assert that there is a 'clear trend' in the United States of permitting victims of childhood sexual abuse to bring their claims 'within the statute of limitations once their memories are finally accessible.'  The Appellants cite to cases from Arizona, *see* <u>Doe v. Roe</u>, 955 P.2d at 960 ['Application of the discovery rule to tort sexual abuse cases is…the majority rule in this country.']").

6    Here, Plaintiff Aldrich was over the age of majority at the time she alleges a relationship with

7    Mr. Rembao, and thus the first prong of Ariz. Rev. Stat. Ann. § 12-502 is inapplicable for that reason.

8    As to the second prong of Ariz. Rev. Stat. Ann. § 12-502, repressed memory is not the same as having

9    an unsound mind; and as the Court stated in <u>Doe, supra</u>, 955 P.2d at 964, a person is of "unsound

10   mind" only she is "unable to manage [her] daily affairs or to understand [her] legal rights or

11   liabilities."  See also, <u>Florez v. Sargeant</u>, 917 P.2d 250, 255 (1996):

12

13

> "If there is hard evidence that a person is simply incapable of carrying on the day-to-day affairs of human existence, then the statute is tolled. Otherwise it is not. These are empirical facts easily verifiable and ... difficult to fabricate."

14

15   To emphasize the importance of statute of limitations, the Court in <u>Doe</u>, 955 P.2d at 964, noted

16   that the purpose of a statute of limitations "cannot be overcome by conclusory averments such as

17   assertions that one was unable to manage daily affairs or understand legal rights and liabilities. The

18   plaintiff instead must set forth specific facts—hard evidence—supporting the conclusion of unsound

19   mind."  It is also worth noting that in <u>Doe, supra</u>, 955 P.2d at 957, the Court in finding that the plaintiff

20   had sufficiently shown "unsound mind," noted that the plaintiff was unable to even accept that the

21   events had occurred.

22   In stark contrast Plaintiff Aldrich [through her own claims] never repressed the actual events

23   that she claims occurred; she merely now claims that decades later she realized that they were

24   actionable after watching "Finding Neverland."  Plaintiff Aldrich does not allege that she was unable

25   to manage daily affairs; does not alleged that she was *unable to* understand legal rights; does not allege

26   that she had repressed *all of her memories* of alleged abuse by Mr. Rembao. Because she fails to

27

28

-12-

DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

adequately allege that she was of "unsound mind,", Plaintiff Aldrich's claims are not tolled under Arizona law.

### ii.  Plaintiffs Bevins' And Johnson's Claims Fail As A Matter Of Texas Law

Although the basis of Plaintiffs Bevins' and Johnson's tolling claims is unclear from Plaintiffs' First Amended Complaint, tolling would not be appropriate under the Texas statutes, even if they applied (which Defendant contests).

Under Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a), the limitations period is triggered when the victim has actual knowledge of his or her injury claim.  A cause of action "accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy."  Bertrand v. Bertrand, 449 S.W.3d 856, (2014) (holding that a son's claims against his father and stepmother arising out of his father's sexual abuse and failure of the stepmother to take any action to stop that abuse accrued, and the five-year limitations period began to run, on the date that the son turned 18 years old and not the date that he was diagnosed with Post Traumatic Stress Disorder; because the son admitted in pleadings and testified at his deposition that he knew he suffered an injury at the first act of abuse at age nine, and had reported that sexual abuse to therapists and others before he turned 18).

Significantly, Plaintiffs Bevins and Johnson filed a formal complaint against Defendant Rembao at the University of Texas in the summer of 2000.  There is simply no way for Plaintiffs Bevins and Johnson to credibly justify waiting 20 years to file suit against Defendant Rembao.  The basis of their lawsuit is exactly the same as the basis of their 2000 complaint filed against John Rembao with the University of Texas.  They cannot credibly argue that they were unaware of the facts that form the basis of their lawsuit, and they cannot credibly argue that their claims against John Rembao should be tolled.

### iii. Regardless Of Which State Law Is Applied, Plaintiffs' Claims are Barred Under The Statute Of Limitations

For all of the foregoing reasons, as well as the reasons outlined under par. A i. through v. above, there is no legal basis under which Plaintiffs can avoid the statute of limitations as to their

-13-

claims against Defendant Rembao, regardless of whether California, Arizona or Texas law is applied. There is also no basis for equitable tolling, regardless of whether California, Arizona or Texas law is applied. Finally, there is no basis for applying equitable principles to create a new "victimization exception" that does not currently exist in California, Arizona or Texas. Simply stated, regardless of Plaintiffs' attempts to cherry pick statutory limitations jurisprudence, their claims will fail no matter the law applied.

**C.    Plaintiffs Have Failed To Sufficiently Plead Certain Claims As To John Rembao**

Though all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, [See Knievel v. ESPN, 223 F. Supp. 2d 1173, 1177 (D. Mont. 2002)], conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004). It is important to note that the Supreme Court in Bell Atlantic Corp. v. Twombly, *supra*, 550 U.S. at 561-63 retired the "no-set-of-facts" test, explaining that dismissal *does not require* that it appear beyond doubt the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Id. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. See also Ashcroft v. Iqbal, *supra*, 556 U.S. at 670.

Plaintiffs' claims are not only time-barred by the statutory limitation period, but many are also insufficiently pled as to John Rembao. Here, as further explained below, Plaintiffs have failed to connect the dots between the facts as pled and the claims alleged as to John Rembao.

**i.    Plaintiffs' Claim For False Imprisonment (Count X) Must Be Dismissed As To John Rembao**

Plaintiffs assert that John Rembao willfully detained plaintiffs without their consent through physical force and/or intimidation.

-14-

The tort of false imprisonment consists of nonconsensual confinement of person, without lawful privilege, for an appreciable length of time, however short.  Restraint required for a tort of false imprisonment may be effectuated by means of physical force, a threat of force or arrest, or physical barriers, or of any form of unreasonable duress.  <u>Robles v. Agreserves, Inc.</u>, 158 F. Supp.3 d 952, 973 E.D. Cal (2016). A tort of false imprisonment does not require intent or motive to cause harm; only mental state required is intent to confine or to create similar intrusion. 687 Fed. Appx. 640, 642 (9th Cir. 2017)

Plaintiffs have failed to sufficiently plead that they were victims of false imprisonment.  In fact, it appears to be quite the contrary: both Plaintiffs Johnson and Bevins, dissatisfied with the program at the University of Texas, both requested and were granted the opportunity to move to the University of Arkansas. Furthermore, Plaintiffs Aldrich and Johnson repeatedly and willingly went to John Rembao's home for dinner.  Of course, in Plaintiffs' capacity as athletes at the University of Texas, there were required practices and competitions that Plaintiffs had to attend, but the facts as pled do not indicate that Defendant Rembao held any of the Plaintiffs against their will for any "appreciable amount of time" in any location.

For these reasons, Plaintiffs' Count X against John Rembao should be dismissed.

### ii.   Plaintiff's Claim For Ratification (Count XIII) Must Be Dismissed As To John Rembao

Ratification "is the subsequent adoption by one person of an act which another without authority assumed to do as his agent."  <u>Anderson v. Fay Improv. Co.</u>, 134 Cal. App. 2d 738 (1955). Because ratification contemplates an act by one person on behalf of another, there must exist at the time the unauthorized act was done a relationship, either actual or assumed, of principal and agent, between the person to have ratified and the person by whom the unauthorized act was done.  <u>Id</u>. at p. 748.  However, the "prevailing view" is that there can be no ratification "if the person who performed the unauthorized act did not at the time profess to be an agent."  <u>Id</u>.  Ratification "is the voluntary election by a person to adopt in some manner as his own act which was purported done on his behalf

-15-

by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him."  Rakestraw v. Rodrigues, 8 Cal. 3d 67 (1972).

[A]n employer may be liable for an employee's act where the employer…subsequently ratified an originally unauthorized tort.  "The failure to discharge an employee who has committed misconduct may be evidence of ratification."  Ventura v. ABM Industries Inc., 212 Cal. App. 4th 258, 272 (2012).  While the failure to discharge an employee, who has committed misconduct may be evidence of ratification, the theory is generally applied only where an employer fails to investigate or respond to charges that an employee committed an intentional tort, "such as assault or battery".  Id.

Here, Plaintiff's claim is that Defendant NCAA ratified the conduct of Defendant Rembao but fails to allege the converse (that Rembao ratified the conduct of the NCAA or others).  See Complaint, par. 476-479:

> "476. At the time of the acts alleged herein, there was an actual or assumed agency relationship between Rembao and the NCAA.
>
> 477. All acts or omissions alleged herein were *ratified by the NCAA*. The NCAA had knowledge that coaches like Rembao were in sexual relationships with student-athletes and/or were sexually abusing or harassing student-athletes and refused to take any action to stop him or other predators like him. Moreover, NCAA member institutions hid this information so that Rembao could continue to work for the NCAA and its member institutions.
>
> 478. Despite knowledge of Rembao's sexual misconduct *by the NCAA and/or its agents*, no disciplinary action was taken and he was allowed to be alone with student-athletes while on NCAA business.
>
> 479. *The NCAA is thus responsible for Rembao's acts* of assault, battery, and intentional or negligent infliction of emotional distress."  [emphasis added]

Because these claims are necessarily directed at Defendant NCAA as a matter of law, Plaintiffs' claims for ratification must be dismissed as to Defendant Rembao.

## V.     CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court dismiss Plaintiffs' lawsuit as to John Rembao, and all the claims therein, with prejudice.

DATED: July 27, 2020                      LAW OFFICES OF HOWARD L. JACOBS



 /s Howard L. Jacobs          
Howard L. Jacobs
Lindsay S. Brandon
*Attorneys for Defendant John Rembao*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 27, 2020, a copy of the foregoing document entitled ***DEFENDANT JOHN REMBAO'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [FED. R. CIV. P. 12(b)(6)] AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

s/ Howard L. Jacobs
Law Offices of Howard L. Jacobs
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone:  (805) 418-9892
Facsimile:  (805) 418-9899
Email:        howard.jacobs@athleteslawyer.com